UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARLENE ROSE,

                        Plaintiff,

    v.

ROBERT WILLOWBY *and* CARIB FISH
MARKET & GRILL, LLC,

                        Defendants.

No. 21-CV-769 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Plaintiff Karlene Rose ("Plaintiff") brings this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging that while Plaintiff was employed at Defendant Carib Fish Market & Grill ("Carib Fish")—a restaurant owned and operated by Defendant Robert Willoughby ("Willoughby"; together, "Defendants")—Defendants failed to pay her minimum wage, overtime, and spread of hours pay, and failed to provide her with pay statements. (*See generally* Compl. (Dkt. No. 1).)[1] Summonses were issued on February 2, 2021 as to both Defendants, (*see* Dkt. Nos. 8, 9), and on March 11, 2021, affidavits were filed, indicating that both Defendants had been served, (*see* Dkt. Nos. 10, 11). The affidavit as to Willoughby states that the process server personally delivered a copy of the Summons and Complaint to "John Doe (refused to give name)" at 4710 White Plains Road, Bronx, NY and then mailed copies of the same via first class mail to the same address. (Dkt. No. 10

---

[1] Plaintiff named "Robert Willowby" as a defendant in the Complaint. However, this defendant has represented that his name is, in fact, "Robert Willoughby." (*See* Dkt. No. 34 ¶ 10.) The Clerk of Court is respectfully directed to update the case caption to reflect the correct spelling of Willoughby's last name.

(capitalization and bolding omitted).) The affidavit as to Carib Fish states that the deponent served the Summons and Complaint upon Carib Fish care of InCorp Services, Inc.—Carib Fish's authorized agent for service of process—"by delivering to and leaving the papers with Paul Hopeck, Assistant Vice President, authorized person who is designated to accept service at this address." (Dkt. No. 11 (capitalization omitted).) Willoughby's answer was due March 11, 2021, and Carib Fish's answer was due March 1, 2021. (*See* Dkt. Nos. 10, 11.)

Neither Defendant answered or otherwise responded to the Complaint, so, on September 21, 2021, the Court entered an Order to Show Cause, ordering Defendants to show cause as to why the Court should not enter a Default Judgment against them. (*See* Dkt. No. 31.) The Court held a hearing on the Order to Show Cause on October 6, 2021 at which Willoughby appeared pro se, and the Court instructed Willoughby to file a motion to vacate the default. (*See* Dkt. (minute entry for Oct. 6, 2021).) Willoughby filed a Declaration in Opposition to Plaintiff's Motion for Default Judgment ("Willoughby Declaration") and ancillary papers pro se on October 20, 2021, (*see* Decl. ("Willoughby Decl.") (Dkt. No. 34)), to which Plaintiff responded on November 3, 2021, (*see* Reply Mem. of Law in Further Supp. of Mot. for Default J. ("Pl.'s Mem.") (Dkt. No. 35); Reply Decl. of Orin Kurtz, Esq. ("Kurtz Decl.") (Dkt. No. 36)).

In considering whether to vacate an entry of default, district courts are instructed to consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). And because the Second Circuit has "expressed a strong preference for resolving disputes on the merits," "in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quotation marks omitted).

"Further, concerns regarding the protection of a litigant's rights are heightened when the party held in default appears pro se," as Willoughby does. *Enron Oil Corp.*, 10 F.3d at 96 (italics omitted); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) ("It is well established that the submissions of a pro se litigants must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." (quotation marks and italics omitted)).

Liberally construed, Willoughby argues that the default must be vacated because both he and Carib Fish were improperly served. Willoughby explains that while service of process was attempted on Carib Fish's authorized agent for service of process, InCorp Services, Inc. was terminated as Carib Fish's authorized agent for service of process prior to the filing of the Complaint, because Carib Fish's business itself was closed and ceased to exist as of January 2021. (*See* Willoughby Decl. ¶ 11.) Willoughby argues that he was not properly served because "Plaintiff did not serve any documents upon the Defendant," presumably referring to the fact that the affidavit of service identifies only a John Doe, rather than Willoughby himself. (*Id.*) Willoughby appears to acknowledge that he received the Complaint and Summons from Plaintiff's counsel via email, but asserts that Plaintiff's counsel did not request that Willoughby accept service via email. (*Id.* ¶ 12.) Plaintiff responds by simply stating that "Defendant was served with the Complaint on February 18, 2021," and arguing that the default was willful since Willoughby was aware of this Action as early as February 8, 2021, when Willoughby and Plaintiff's counsel spoke over the telephone, and "has made no excuse for his failure to appear." (Pl.'s Mem. 4; Kurtz Decl. ¶¶ 2–3.)

"Because effective service of process is a prerequisite for the Court's exercise of personal jurisdiction over a defendant, a default judgment obtained by way of defective service is void for

3

lack of personal jurisdiction and must be set aside as a matter of law." *Lin v. Grand Sichuan 74 St Inc.*, No. 15-CV-2950, 2021 WL 4295208, at *6 (S.D.N.Y. Sept. 21, 2021) (citation, quotation marks, and alteration omitted); *accord Tuqui Tuqui Domincana, S.R.L. v. Castillo*, No. 19-CV-108, 2020 WL 1689763, at *2 (S.D.N.Y. Apr. 7, 2020) ("Because effective service is a prerequisite for the [c]ourt's exercise of personal jurisdiction over [the] defendant . . . , a default judgment entered against him should be vacated as void . . . if service on him was defective."). Whether a defendant had actual notice of the suit is irrelevant, because "the fact that [the defendant] was never properly served means that [the defendant] never had a legal obligation [to respond to the complaint], and therefore . . . [the defendant] could not properly be subjected to the entry of judgment against [him]." *Llola v. Karen Gardens Apt. Corp.*, No. 12-CV-1356, 2015 WL 13731354, at *6 n.6 (E.D.N.Y. July 2, 2015) ("[E]ven a deliberate decision to ignore an improperly served summons would not change the outcome."), *report and recommendation adopted*, 2016 WL 233665 (E.D.N.Y. Jan. 20, 2016); *see also Wilmington PT Corp. v. Parker*, No. 19-CV-2380, 2021 WL 4122992, at *3 (E.D.N.Y. Sept. 9, 2021) ("A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected. Nor can actual notice of suit cure a failure to comply with the statutory requirements for serving process." (quoting *Sartor v. Toussaint*, 70 F. App'x 11, 13 (2d Cir. 2002) (summary order))).

It is not clear to the Court whether Willoughby was properly served. Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual by "delivering a copy of the summons and of the complaint to the individual personally," or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e). And under New York

4

state law, a plaintiff may serve an individual by "delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served," and by "mailing the summons to the person to be served at his or her last known residence . . . or . . . actual place of business." N.Y. C.P.L.R. § 308(2). Thus, while it appears that Willoughby himself was not served, Willoughby may still have been properly served because the process server attested that he delivered a copy of the Complaint and Summons to a John Doe (who the process server attested was "a person of suitable age and discretion") at Carib Fish's business address, and later mailed a copy of both documents to the same address. (*See* Dkt. No. 10.) However, "[w]hen the propriety of service is at issue, [P]laintiff[] bear[s] the burden of demonstrating that [D]efendant . . . was properly served," and Plaintiff has failed to provide any evidence of proper service apart from the pro forma affidavit of the process server. *Tuqui Tuqui*, 2020 WL 1689763, at *3. While Plaintiff represents that Willoughby was aware of the Action—and provided evidence of Willoughby's awareness as early as February 2021, (*see* Kurtz Decl. Ex. A)—actual notice of suit cannot cure improper service, *see Wilmington PT Corp.*, 2021 WL 4122992, at *3. In light of the Second Circuit's instruction to resolve all doubts in favor of the party seeking relief from the entry of default, *Green*, 420 F.3d at 104, particularly when the party proceeds pro se, *Enron Oil Corp.*, 10 F.3d at 96, the Court concludes that there are sufficiently serious questions as to whether Willoughby was properly served that justify vacating the entry of default.

      The Court need not determine whether Carib Fish was properly served. Willoughby represents that Carib Fish's business is closed and that the entity ceased to exist as of January 2021. (Willoughby Decl. ¶ 11.) "The [C]ourt lacks personal jurisdiction over an entity that does

5

Willoughby shall provide Plaintiff's counsel with his current home and business addresses within 10 days of the date of this Order, and Plaintiff is instructed to properly serve Willoughby within 30 days thereafter. Once served, Willoughby shall answer or otherwise respond to the Complaint within 21 days of the date of service, as per Federal Rule of Civil Procedure 12(a)(1).

Plaintiff shall serve a copy of this Order on Willoughby and certify that this was done so in a filing by no later than November 22, 2021.

SO ORDERED.

Dated:   November 17, 2021
        White Plains, New York

                                       KENNETH M. KARAS
                                       United States District Judge