UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARLENE ROSE,

                        Plaintiff,

    v.

ROBERT WILLOWBY *and* CARIB FISH
MARKET & GRILL, LLC,

                        Defendants.

No. 21-CV-769 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Plaintiff Karlene Rose ("Plaintiff") brings this action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") alleging that while Plaintiff was employed at Defendant Carib Fish Market & Grill ("Carib Fish")—a restaurant owned and operated by Defendant Robert Willoughby ("Willoughby"; together, "Defendants")—Defendants failed to pay her minimum wage, overtime, and spread of hours pay, and failed to provide her with pay statements. (*See generally* Compl. (Dkt. No. 1).) Neither Defendant answered or otherwise responded to the Complaint, so, on September 21, 2021, the Court entered an Order to Show Cause, ordering Defendants to show cause as to why the Court should not enter a Default Judgment against them. (*See* Dkt. No. 31.) The Court held a hearing on the Order to Show Cause on October 6, 2021 at which Willoughby appeared pro se, and the Court instructed Willoughby to file a motion to vacate the default. (*See* Dkt. (minute entry for Oct. 6, 2021).) Willoughby filed a Declaration in Opposition to Plaintiff's Motion for Default Judgment and ancillary papers pro se on October 20, 2021, (*see* Decl. (Dkt. No. 34)), to which Plaintiff responded on November 3, 2021, (*see* Reply Mem. of Law in Further Supp. of Mot. for Default

J. (Dkt. No. 35); Reply Decl. of Orin Kurtz, Esq. (Dkt. No. 36)).  On November 17, 2021, the Court entered an Order dismissing Carib Fish based on Willoughby's representation that the entity no longer exists and vacating the entry of default against Willoughby based on uncertainty concerning whether Willoughby was properly served.  (*See* Order ("Nov. Order") (Dkt. No. 37).)  To facilitate proper service of Willoughby, the Court also ordered Willoughby to provide Plaintiff's counsel with his current home and business addresses within 10 days of the date of the Order.  (*Id.* at 7.)  On December 1, 2021, Plaintiff informed the Court that Willoughby failed to provide Plaintiff's counsel with his addresses as required under the Order.  (*See* Dkt. No. 40.)

The Court's Order vacating the entry of default against Willoughby was entered out of an abundance of caution in light of the Second Circuit's instruction to resolve all doubts in favor of the party seeking relief from the entry of default and the fact that Willoughby raised questions as to whether he was properly served, (*see* Nov. Order 5 (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)), it was not an invitation to attempt to evade Plaintiff's prosecution of this Action.  As such, Willoughby is hereby ordered to provide Plaintiff's counsel with his current home and business addresses to facilitate proper service by no later than 14 days from the date of this Order or the Court will enter a default judgment against him without further notice.  Willoughby is also warned that any future failure to comply with the Court's orders could result in civil contempt.  *See* 18 U.S.C. § 401(3) ("A court of the United States shall have the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."); *see also Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.").

Plaintiff shall serve a copy of this Order on Willoughby and certify that this was done so in a filing by no later than December 13, 2021.

SO ORDERED.

Dated: December 7, 2021
White Plains, New York

_____
KENNETH M. KARAS
United States District Judge