UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

KARLENE ROSE,

                          Plaintiff,                       **DECISION AND ORDER**

         -against-                        21 Civ. 769 (KMK) (AEK)

ROBERT WILLOUGHBY,

                          Defendant.

---------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On July 15, 2022, the Honorable Kenneth M. Karas entered a default judgment against Defendant Robert Willoughby for violations of the Fair Labor Standards Act and the New York Labor Law, and awarded Plaintiff Karlene Rose $93,564, plus $28,620 in attorneys' fees and $1,331.51 in costs.  ECF No. 65 ("Default Judgment").  In an effort to obtain information relevant to the satisfaction of the Default Judgment, on October 7, 2024, Plaintiff served an information subpoena on Defendant by certified mail, return receipt requested, as permitted by N.Y. CPLR § 5224(a)(3) ("Service of an information subpoena may be made by registered or certified mail, return receipt requested.").  *See* ECF No. 69 ("Kurtz Decl.") ¶¶ 4-5 & Exs. A & B.  Defendant did not respond; rather, the information subpoena was returned as "unclaimed."  Kurtz Decl. ¶ 5 & Ex. B.

Given Defendant's failure to respond to the information subpoena, on January 2, 2025, Plaintiff filed a motion to compel a response, which her counsel served on Defendant by U.S. Mail.  ECF No. 67.  The motion was thereafter referred to the undersigned.  ECF No. 70.  By order dated January 27, 2025, this Court scheduled a conference for February 7, 2025 regarding the motion to compel, ECF No. 71 ("Scheduling Order"), which Plaintiff's counsel again served

on Defendant by U.S. Mail, *see* ECF No. 72. Defendant did not contact either Plaintiff's counsel or the Court in response to either the motion to compel or the Scheduling Order, nor did he appear at the conference held on February 7, 2025.

Pursuant to Rule 69 of the Federal Rules of Civil Procedure, a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located, and may rely on federal or state discovery procedures to obtain information relevant to the satisfaction of a judgment. *See* Fed. R. Civ. P. 69(a)(1), (2). As applicable here, under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment. *See* N.Y. C.P.L.R. § 5223. If, as in this case, the recipient of an information subpoena fails to respond within seven days, a court may order compliance. *See id.* §§ 2308(b)(1), 5224(a)(3) ("Answers shall be returned together with the original of the questions within seven days after receipt."), 5224(a)(3)(iv) ("failure to comply with an information subpoena shall be governed by subdivision (b) of section twenty-three hundred eight of this chapter, except that such motion shall be made in the court that issued the underlying judgment").

As a judgment creditor, Plaintiff is entitled to the information requested in the information subpoena, which was properly served on Defendant and seeks to identify suitable assets to satisfy the Default Judgment (*i.e.*, information regarding bank accounts, income, real estate, and other assets). *See generally* Kurtz Decl. Ex. A (copy of the information subpoena). As this information is discoverable under Rule 69(a)(2) of the Federal Rule of Civil Procedure, the Court **GRANTS** Plaintiff's motion to compel (ECF No. 67).

Plaintiff must serve copies of (i) this Decision and Order, along with the three unpublished cases cited herein, (ii) the motion to compel (ECF Nos. 67-69), (iii) the October 7,

2024 information subpoena, (iv) the order referring this case to the undersigned (ECF No. 70), and (v) the Scheduling Order (ECF No. 71), **by personal service on Defendant pursuant to N.Y. CPLR § 308**, and file proof of service on the docket.  Defendant is ordered to provide full and complete responses to the information subpoena **by no later than 30 days from the date of service**.  If Defendant fails to do so, Plaintiff will be permitted to file a motion for contempt sanctions for the failure to comply with this Court's order compelling production of the responses.  *See Kerr v. Thomas*, No. 14-cv-9168 (KBF) (HBP), 2017 WL 485041, at *4 (S.D.N.Y. Feb. 3, 2017) ("New York law requires a court order before a failure to comply with an information subpoena is punishable by contempt.") (cleaned up), *adopted sub nom. Kerr v. John Thomas Fin.*, 2017 WL 1609224 (S.D.N.Y. May 1, 2017).  As Defendant has been warned previously by Judge Karas, failure to comply with the Court's orders could result in a finding of civil contempt, which could result in the imposition of a fine, imprisonment, or both.  *See* ECF No. 41 at 2 (quoting 18 U.S.C. § 401(3) ("A court of the United States shall have the power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command.")); *Shillitani v. United States*, 384 U.S. 364, 370 (1966) ("There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *see also Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-cv-6336 (LDH), 2022 WL 17820083, at *6 (E.D.N.Y. Jan. 10, 2022).

The Clerk of Court is respectfully directed to mark the motion at ECF No. 67 as

GRANTED and to terminate the motion.

Dated: February 10, 2025
       White Plains, New York

                                     **SO ORDERED.**

                                   ANDREW E. KRAUSE
                                   United States Magistrate Judge